IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| RICHARD EDWARD WEBER, | )<br>) |
| Plaintiff | )<br>)   1:23-CV-00167-SPB<br>) |
| vs. | )<br>)   RICHARD A. LANZILLO<br>)   UNITED STATES MAGISTRATE JUDGE |
| ERIE COUNTY, ERIE COUNTY PRISON, WARDEN BRYANT, MAJOR SYMOUR, LT BOLT, LT DEFRANCO, NURSE 1 BRIANNA MUSSINA, DW MICHAEL HOLMAN, CAPTAIN HERMAN, LT BENDER, LT STEVENS, RYAN VOLZ, ROBERT SAMLUK, MICHAEL BEGANICS, COREY GOSS, MEAGEN CARNEY, AMANDA MARIE MILLER, | )<br>)<br>)   MEMORANDUM ORDER ON PENDING<br>)   MOTION<br>)<br>)   IN RE: ECF NO. 79<br>)<br>)<br>)<br>) |
| Defendants | ) |

Plaintiff Richard Edward Weber has filed a "Motion to Seek a Special Order Upon SCI-Camphill and a Further Extension of Time" (ECF No. 79). Weber's request for a "Special Order" specifically seeks an order directing the State Correctional Institution at Camp Hill (SCI-Camp Hill) to produce his mental health records that it received from the Erie County Prison (ECP). He represents that ECP sent these records to SCI-Camp Hill following his transfer to that institution. He asserts that these records will show that he suffered an "over 3 month … psychotic break" that rendered him "not competent" and that his condition explains his delay in recalling the repeated unprovoked uses of OC spray and other excessive force allegedly committed against his by certain Defendants. Apparently, Weber seeks his mental health records to oppose the statute of limitations defense raised by the Defendants in their motions to dismiss

1

or, alternatively, for summary judgment. *See* ECF No. 3, p. 7; ECF No. 53, p. 2; ECF No. 74, p. 12. Weber apparently intends to argue that his psychotic break and resulting incapacity/lapse of memory toll the statute of limitations.

For the reasons explained below, the Court construes Plaintiff's request for a "Special Order" as a request pursuant to Rule 56(d), which allows a party opposing a motion for summary judgment to file an affidavit or declaration to state that, "for specified reasons, it cannot present facts essential to justify its opposition" to the motion and authorizes the court to permit the nonmoving party, among other things, "to take discovery." Fed. R. Civ. P. 56(d)((2). Having so construed this portion of Plaintiff's motion, the Court will deny his request because the records he seeks are not relevant to the issues raised in the motions for summary judgment.

Federal courts must apply both state statute of limitations as well as state tolling provisions to civil rights claims asserted under § 1983. *Callwood v. Questel*, 883 F.2d 272, 274 (3d Cir. 1989). Here, Pennsylvania's two-year statute of limitations for personal injury actions applies to Weber's civil rights claims. *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir.2000); 42 Pa. Cons. Stat. Ann. § 5524(7).

In Pennsylvania, mental illness or incapacity does not toll the statute of limitations. 42 Pa. Cons. Stat. § 5533(a) ("insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter."), *Person v. Kieffer*, 634 F. Supp. 892, 893 (E.D. Pa. 1986) ("Under Pennsylvania law, the existence of a mental incapacity is not a defense to the statute of limitations .... Pennsylvania therefore subscribes to a 'hard rule [of limitations] as a matter of legislative policy.'", quoting in part, *Riddick v. Workmen's Compensation Appeal Board*, 499 A.2d 694, 696–97. (Pa. Commw. Ct. 1985). *See also Ziegler v. Cnty. of Bucks*, 1992 WL 129643, at *10 (E.D. Pa. June 8, 1992); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2013)

("mental incompetence is not a per se reason to toll a statute of limitations") (citing *Lake*, 232 F.3d at 371). Courts have acknowledged that Pennsylvania's statutory prohibition on tolling based on incapacity may be regarded as harsh. *See, e.g., Faber v. Wells Fargo Bank*, 2015 WL 1636967, at *4 (E.D. Pa. Apr. 13, 2015). Nevertheless, the prohibition comports with the general common law rule in Pennsylvania that mental incapacity does not toll the running of the relevant limitations period, a rule that the state legislature later codified as applicable to civil actions generally. *See Walker v. Mummert*, 146 A.2d 289, 291 (Pa. 1958) (ruling that the incapacity of a plaintiff who is non compos mentis at the time of injury does not toll the running of the limitations period for personal injury actions); *see also Walters v. Ditzler*, 227 A.2d 833, 835 (Pa. 1967) ("[T]he statute of limitations will run against persons under a disability, including ... incompetents."); *Pearce v. Salvation Army*, 674 A.2d 1123, 1124 n. 3 (Pa. Super. Ct. 1996) ("In 1978, the Judicial Code was amended in order to codify existing law precluding extension of the statute based on ... insanity...."); 42 Pa. C.S.A. § 5533(a) ("Except as otherwise provided by statute, insanity ... does not extend the time limited by this subchapter for the commencement of a matter.").

Weber asserts that he only recently recalled relevant events at the ECP because his memory was impaired by a "psychotic break" he experienced at the prison. Such assertions of "repressed memory" and other memory impairments fall within the scope of "mental incapacity" excluded from tolling under § 5533(a). *See, e.g., Dever-Gorka v. Hosler*, 1994 WL 902046, at *4 (Com. Pl. 1994), *aff'd*, 667 A.2d 426 (Pa. Super. Ct. 1995) (plaintiff's "repressed memory" was a form of "mental incapacity" that § 5533(a) precludes as a basis for tolling). Therefore, any records Weber might obtain to support his assertion of a psychotic break while at ECP are

3

irrelevant to Defendants' statute of limitation defense. Accordingly, his request for a "Special Order" directing the production of his mental health records is **DENIED**.

Given that no extension of time is necessary to accommodate production of mental health records, Weber's papers in opposition to Defendants' pending motions remain **due by February 7, 2024**.

DATED this 8th day of January 2024.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE