IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD EDWARD WEBER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 1:23-cv-167 |
| v. | ) |
| | ) |
| **ERIE COUNTY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER

Plaintiff Richard Edward Weber, currently an inmate at SCI-Camp Hill, commenced the above-captioned matter on April 20, 2023, by filing a complaint in the Erie County Court of Common Pleas in which he seeks redress for the alleged violation of his Fourth, Eighth, and Fourteenth Amendment rights. The matter was removed to this Court on June 9, 2023 and referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72.

At this point in the proceedings, the operative pleading is Plaintiff's Amended Complaint, ECF No. 8, and the remaining Defendants include Erie County, Erie County Prison, Warden Bryant, Major Seymour, Lt. Bolt, Lt. DeFranco, Deputy Warden Michael Holman, Captain Herman, Lt. Bender, Lt. Stevens, Ryan Volz, Robert Samluk, Michael Beganics, Corey Goss, Meagen Carney, Amanda Marie Miller, and Nurse 1 Brianna Mussina. In his Amended Complaint, Plaintiff asserts claims pursuant to 42 U.S.C. §§1983, 1985, and 1986.

Pending before the Court are three separate motions to dismiss and/or motions for summary judgment filed on behalf of Defendant Mussina, ECF No. 73, Defendant Miller, ECF

1

No. 51, and the remaining Defendants (collectively, the "County Defendants"), ECF No. 2. The motions have been briefed and are ripe for adjudication.

On January 29, 2024, Judge Lanzillo issued a Report and Recommendation ("R&R") in which he recommended that all three dispositive motions be granted because Plaintiff's claims are untimely. ECF No. 85. Noting that Section 1983 and 1985 claims are governed by a two-year statute of limitations, Judge Lanzillo found that the predicate acts giving rise to Plaintiff's claims occurred no later than June 30, 2020, based on his undisputed confinement history, and no later than March 9, 2021, based on his pleading allegations. Even accepting Plaintiff's averments as true and affording him the most generous date relative to the accrual of his claims, Judge Lanzillo determined that the two-year statute of limitations for Plaintiff's Section 1983 and Section 1985 claims would have expired on March 9, 2023, more than a month before Plaintiff commenced this action.

Judge Lanzillo further concluded that the two-year statute of limitations would not have been tolled under Pennsylvania law based on Plaintiff's alleged mental, medical and physical incapacity and/or his "repressed" memory and "psychotic breaks." ECF No. 85 at 9 (citing ECF No. 79 at 1). Additionally, Judge Lanzillo concluded that Pennsylvania's "discovery rule" was inapplicable based on the facts stated by Plaintiff. Finally, Judge Lanzillo opined that Plaintiff could not plausibly argue that his claims were tolled pursuant to the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. §1997(e).

With respect to Plaintiff's claims under 42 U.S.C. §1986, Judge Lanzillo observed that a one-year statute of limitations applied. Because this claim was predicated on the same acts that rendered the Section 1983 and 1985 claims untimely, Judge Lanzillo concluded that the Section 1986 was similarly time-barred.

2

Plaintiff filed objections to the Report and Recommendation on February 13, 2024. ECF No. 88. In his objections, Plaintiff attempts to show that this action was timely commenced on May 27 2022; however, his "proof" in this regard is a computer printout which appears to relate to a different lawsuit, filed in 2022 against Defendant Miller, involving state law claims sounding in the intentional infliction of emotional distress. ECF No. 88, ¶1 and ECF No. 88-1. Plaintiff also contends that the Chief Magistrate Judge erred by not applying New York law which, he posits, allows for tolling based on a litigant's repressed memory and/or mental illness or incapacity. ECF No. 88, ¶¶2, 4. Next, Plaintiff argues that the R&R should be considered moot because of his unilateral and untimely attempt to amend his claims without the necessary leave of Court. *See* ECF No. 88, ¶3; ECF No. 87; *see also* Fed. R. Civ. P. 15(a)(2) (stating that, when an amendment is not permitted as a matter of course, the plaintiff must obtain leave of court for nonconsensual amendments). Although leave to amend a pleading should be "freely" given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is properly denied where, as here, the proposed amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Inasmuch as Plaintiff's various objections lack merit, they are overruled.

Accordingly, after *de novo* review of the documents in the case, including the Amended Complaint, the various pending motions to dismiss and/or motions for summary judgment, all relevant filings related to the pending motions, the Chief Magistrate Judge's R&R, and Plaintiff's objections to the R&R,

IT IS ORDERED, this 20th day of February, 2024, that the motions to dismiss and/or motions for summary judgment filed on behalf of Defendant Mussina, ECF No. [73], Defendant Miller, ECF No. [51], and the remaining Defendants in this case, ECF No. [2], are hereby GRANTED. Insofar as the Court's ruling is predicated upon the Rule 56 record developed in this case, a Rule 58 judgment will be entered in favor of all Defendants and against Plaintiff.

IT IS FURTHER ORDERED that the Report and Recommendation issued by Chief United States Magistrate Judge Richard Lanzillo on January 29, 2024, ECF No. [85], is hereby adopted as the opinion of this Court. Plaintiff's objections to the Report and Recommendation, ECF No. [88] are OVERRULED.

As there are no additional matters pending before the Court in the above-captioned case, the Clerk is directed to mark this civil action "CLOSED."

_____
SUSAN PARADISE BAXTER
United States District Judge