IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD EDWARD WEBER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:23-cv-167 |
| ERIE COUNTY, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

In the above-captioned case, Plaintiff Richard Edward Weber, an inmate at SCI-Camp Hill, sued Erie County, Erie County Prison ("ECP"), and numerous individuals employed at ECP, for the allegation violation of his federal civil rights. His operative complaint asserted claims under 42 U.S.C. §§1983, 1985, and 1986. On February 20, 2024, this Court adopted the Report and Recommendation of Chief Magistrate Judge Richard A. Lanzillo, granted various dispositive motions, and entered judgment for the Defendants. ECF Nos. 89, 90. The Court's ruling was predicated on the untimeliness of Plaintiff's claims.

Pending before the Court is Plaintiff's Motion for Reconsideration on Tolling and to Reopen the Case Due to [Extraordinary Circumstances]." ECF No. 91. Plaintiff has also filed a Motion to Supplement Facts and Attachments to Pending Motion for Reconsideration. ECF No. 96. The Court will grant the latter motion but deny Plaintiff's motion for reconsideration.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability

1

of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should be granted "sparingly," and "is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams v. Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). Motions to reconsider should not be used to relitigate issues already resolved by the court, nor should they be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

Here, Plaintiff's motion is predicated on several arguments. Plaintiff first contends that the events alleged in his pleading occurred during the Covid-19 pandemic, which was an extraordinary event that tolled the applicable statute of limitations. Second, he asserts that the events in question happened in multiple states, which the Court construes as an implicit reference to Plaintiff's prior argument under New York law that the statute of limitations should have been tolled during periods when he was mentally incapacitated. Third, Plaintiff argues that his claims should be considered timely because he did not discover the underlying conspiracy to violate his rights until March of 2023, when he was contacted by witnesses to the alleged conspiracy.

None of Plaintiff's arguments establishes a valid basis for the Court's reconsideration of its February 20, 2024 ruling. The circumstances of the Covid pandemic are not "new evidence" that was previously unknown or unavailable, yet Plaintiff did not previously raise any pandemic-related issue in connection with the Defendants' dispositive motions. Courts generally will not grant reconsideration based on arguments that could have been made by the movant before judgment. *Reich,* 834 F. Supp. at 755. Regardless, federal courts have declined to recognize the pandemic as a basis for equitable tolling where, as here, the plaintiff has made no attempt to

2

explain how the pandemic-related limitations specifically precluded him from filing his claims in a timely manner. *See, e.g., Woods v. Klinefelter*, No. 2:23-CV-1071, 2023 WL 4086019, at *3 (E.D. Pa. June 20, 2023) (rejecting a prisoner's equitable tolling argument where the prisoner made "no attempt to explain how the [Covid-related] shutdown and lockdown 'actually impeded' his ability to file a habeas petition"); *Daman v. FirstEnergy Corp.*, No. 2:22CV1020, 2023 WL 5627710, at *2 (W.D. Pa. Aug. 31, 2023) ("[T]he general existence of the COVID-19 pandemic and its impact on human interactions are not grounds that support a finding that it specifically prevented plaintiff from timely filing his complaint before September 15, 2021. This court was open and operating during this time with some modest restrictions that did not impede the filing of complaints."), *reconsideration granted in non-relevant part*, No. 2:22CV1020, 2023 WL 7135746 (W.D. Pa. Sept. 19, 2023).

To the extent Plaintiff is resuscitating his argument that the limitations period should have been tolled by his mental incapacitation, this is an inappropriate attempt to obtain a "second bite at the apple." *Boone v. Daughtery*, No. 12-1333, 2013 WL 5836329, at *1 (W.D. Pa. Oct. 30, 2013) (citing *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). The Court notes that, under Pennsylvania law, mental illness or incapacity does not toll the statute of limitations. *See* ECF No. 85 at 8-9 (Report and Recommendation citing applicable case law). Plaintiff's operative pleading concerned events that allegedly occurred at the Erie County Prison, in the Commonwealth of Pennsylvania. *See* ECF No. 8. Thus, the Court appropriately applied Pennsylvania law. *See* ECF Nos. 85, 89. To the extent Plaintiff has argued that some relevant events occurred outside of Pennsylvania, the Court does not glean those facts from his Amended Complaint, and Plaintiff's arguments do not in themselves constitute a valid amendment of his pleading. *See Grear v. U.S. Bank,* No. 1:21-CV-237-SPB, 2022 WL 4450400,

at *12 (W.D. Pa. Sept. 23, 2022) ("[U]nder well-established case law, [plaintiffs] may not amend their pleading through assertions in their brief.") (citing *Frederico v. Home Depot,* 507 F.3d 188, 201-02 (3d Cir. 2007)).

Further, Plaintiff's attempt to invoke Pennsylvania's "discovery rule" based on his belated discovery of the alleged underlying conspiracy was appropriately considered and rejected in the Court's initial ruling. *See* ECF Nos. 85 at 9-10, 89. Accordingly, the undersigned finds neither clear error in the February 20, 2024 ruling nor any basis for concluding that manifest injustice will result if the ruling is not revisited.

Finally, the Court finds no basis for affording Plaintiff relief under Federal Rule 60(b). This rule allows a party to seek relief from a final judgment and request reopening of his case where there is: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no long equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The latter "catch-all provision" of Rule 60(b)(6) "may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood,* 280 F.3d 262, 273 (3d Cir. 2002). To obtain relief under Rule 60(b)(6), a movant must show "'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur' such that his case should be reopened." *Vance v. McGinley,* No. 21-3029, 2022 WL 1238352, at *1 (3d Cir. Apr. 27, 2022) (quoting *Cox v. Horn,* 757 F.3d 113, 115 (3d Cir. 2014)).

4

Here, Plaintiff has not satisfied his "heavy burden" of demonstrating a basis for relief under Rule 60(b). *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). His failure to timely assert his claims was not the produce of "excusable neglect." He has not adduced new evidence that was previously unavailable to him. And this case does not involve "extraordinary circumstances" where "an extreme and unexpected hardship" would arise if Plaintiff's case is not reopened. Instead, Plaintiff's motion constitutes an inappropriate attempt to "relitigate a point of disagreement" with the Court and obtain "a second bite at the apple." *United States v. Fausnaught*, Case No. 3:03-CR-32, 2018 WL 1911247, at *3 (M.D. Pa. Apr. 20, 2018). For these reasons,

IT IS ORDERED this 18th day of April, 2024, that Plaintiff's Motion to Supplement Facts and Attachments to Pending Motion for Reconsideration, ECF No. [96], is GRANTED to the extent that the undersigned has considered the exhibits appended to Plaintiff's filings at ECF Nos. [91] and [96].

Notwithstanding this, IT IS FURTHER ORDERED that Plaintiff's motion for reconsideration of the Court's February 20, 2024 ruling and entry of judgment, ECF No. [91], is DENIED.

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge